NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RICARDO ANTONIO G.-S.[1], | : : : | Civil Action No. 20-11842 (JMV) |
| Petitioner, | : : |  |
| v. | : : | OPINION |
| GUY CIRILLO, | : : |  |
| Respondent. | : : : |  |

**VAZQUEZ, District Judge:**

Presently before the Court is Petitioner's counseled Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his ongoing immigration detention since July 17, 2019. (D.E. 1.)  Respondent filed an Answer opposing relief, (D.E. 3.), and Petitioner filed a Reply, (D.E. 5.).  For the reasons stated below, the Court will deny the Petition.

**I.    BACKGROUND**

Petitioner is a native and citizen of El Salvador, who entered the United States in April of 2011, through the Texas border, without inspection or authorization.  (D.E. 1, at 2.)  In April of 2013, officers from the Newark Police Department in Newark, New Jersey, arrested Petitioner for aggravated assault, in violation of N.J.S. § 2C:12-1b(1), and resisting arrest or eluding, in violation of N.J.S. § 2C:29-2a(2).  (D.E. 1, at 2.)  Ultimately, the State set those charges as no bill in September of 2013. (*Id*. at 7.)

---

[1] The Petitioner is identified herein only by his first name and the first initials of his surnames in order to address certain privacy concerns associated with § 2241 immigration cases.  The identification of Petitioner in this manner comports with recommendations made by the Judicial Conference of the United States' Committee on Court Administration and Case Management.

On September 20, 2013, Immigration and Customs Enforcement ("ICE") served upon Petitioner a Notice to Appear which charged him as removable under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act for being "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." (D.E. 3-1.) On October 3, 2013, an immigration judge ordered Petitioner's release on bond, and the court transferred his removal proceedings to the non-detained immigration docket. (D.E. 4-1, at ¶ 4.)

On February 4, 2018, Newark Police arrested Petitioner for domestic violence and simple assault, in violation of N.J.S. § 2C:12-1a(1). (D.E. 1, at 2.) The Department of Homeland Security ("DHS") took Petitioner into custody, and on March 14, 2018, an immigration judge granted Petitioner's request for bond. (D.E. 3-4; D.E. 4-1, at ¶ 5–8) Ultimately, the prosecutor's office dismissed those charges in June of 2018. (D.E. 1, at 2.)

On July 13, 2019, Newark Police again arrested Petitioner for domestic violence and simple assault in violation of N.J.S. § 2C:12-1a(1). (D.E. 3-2, at 2.) Thereafter, on July 17, 2019, DHS detained Petitioner and took him into custody. (D.E. 4-1, at ¶10.) Petitioner appeared, with counsel, for a bond hearing before an immigration judge on July 31, 2019. (*Id*. at ¶ 11.) The immigration judge denied Petitioner's request for bond, finding that he posed a danger to the community. (D.E. 3-5, at 3–4; D.E. 4-1, at ¶ 11.)

On October 2, 2019, Petitioner filed a motion for bond redetermination, arguing that circumstances had changed as the dismissal of his most recent domestic violence charges merited bond. (D.E. 3-5.) The immigration judge denied the motion, finding that despite the dismissal of the most recent charges, the court was still concerned with Petitioner's criminal history and found

that he remained a danger to the community. (*Id*. at 3–4). On October 15, 2019, Petitioner appealed the bond decision to the BIA. (D.E. 4-1, at ¶ 15.)

Throughout the events above, the immigration court adjourned Petitioner's master calendar hearing several times, until November 22, 2019, when Petitioner appeared, with counsel, for an individual hearing on the merits of his application for relief. (*Id*. at ¶ 17.) Ultimately, the immigration judge denied Petitioner's application for relief and ordered his removal. (*Id*.) On that same day, Petitioner appealed that decision with the BIA. (*Id*. at ¶ 19.)

On January 30, 2020, the BIA issued a decision remanding Petitioner's bond proceeding, and on April 23, 2020, the immigration judge denied Petitioner's request for bond on remand. (*Id*. at ¶¶ 19–20.) Thereafter, on April 28, 2020, Petitioner filed another motion for bond redetermination and the immigration judge denied that motion. (*Id*. at ¶ 20.) On that same day, Petitioner filed an appeal with the BIA. (*Id*. at 22.)

On September 23, 2020, the BIA issued a decision on Petitioner's November 22, 2019, order of removal, and remanded the matter to the immigration court. (*Id*. at ¶ 23). The next month, on October 7, 2020, the BIA dismissed Petitioner's latest bond appeal and affirmed the bond decision. As to the order of removal on remand, on November 4, 2020, the immigration judge denied Petitioner's application for relief and again ordered his removal. (D.E. 6.) Petitioner filed an appeal on December 2, 2020, which remains pending with the BIA. (*Id*.)

Petitioner filed the instant Petition under § 2241 on August 28, 2020. Primarily, Petitioner raises two claims: (1) that his prolonged detention violates his due process rights under the Fifth Amendment, and (2) that his prolonged "detention violates 8 U.S.C. § 1226(c) because he is not deportable for a 'conviction'" under that statute. (D.E. 1, at 11–12.) Petitioner requests that the Court order a new bond hearing, release him from custody, or enjoin Respondent from detaining

3

him further. (*Id*. at 12–13.) In response, Respondent maintains that Petitioner has received all the requisite due process protections and that his detention continues to be lawful under 8 U.S.C. § 1226(a). (D.E. 3.)

## II.    ANALYSIS

Under 28 U.S.C. § 2241(c)(3), a court may grant habeas relief to an immigration detainee who "is in custody in violation of the Constitution or laws or treaties of the United States." Section 1226 vests the Attorney General with statutory authority to detain aliens in removal proceedings before the issuance of a final order of removal, *i.e.*, during the "pre-removal" period. More specifically, § 1226(a) authorizes the Attorney General to detain or release an alien pending a decision on whether the alien is to be removed from the United States. 8 U.S.C. § 1226(a)(1)–(2).

Congress specifically provided immigration officials with the discretion to determine whether they should grant bond, and "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." 8 U.S.C. § 1226(e). Accordingly, district courts sitting in habeas review have no jurisdiction to review the decision of an immigration judge denying bond. *See, e.g.*, *Pena v. Davies*, No. 15-7291, 2016 WL 74410, at *2 (D.N.J. Jan. 5, 2016).

Stated differently, where a § 1226(a) detainee has received a *bona fide* bond hearing, this Court may not order a new bond hearing or order his release. *Id.* Indeed, a petitioner seeking review of a bond decision must instead either file an appeal of the bond denial to the BIA or seek his release by filing a request for a bond redetermination hearing. *See Contant v. Holder*, 352 F. App'x 692, 695 (3d Cir. 2009).

The only situation in which a discretionary detainee who has received a bond hearing may be entitled to habeas relief arises where the petitioner demonstrates that his bond hearing was

conducted unlawfully or without due process. *See, e.g.*, *Garcia v. Green*, No. 16-0565, 2016 WL 1718102, at *3–4 (D.N.J. Apr. 29, 2016); *Harris v. Herrey*, No. 13-4365, 2013 WL 3884191, at *1 (D.N.J. July 26, 2013) (noting that district courts do not have the power to overrule denial of release after a *bona fide* hearing).

As a preliminary matter, for reasons that are unclear, Petitioner appears to believe that ICE is detaining him under the mandatory detention provisions of 8 U.S.C. § 1226(c). As a result, Petitioner argues that his detention violates § 1226(c) "because he is not deportable for a 'conviction'" under that statute's provisions. (D.E. 1, at 12.)

As discussed above, however, Petitioner has been subject to discretionary detention under 8 U.S.C. § 1226(a) since July 17, 2019, and his proceedings were under the "non-detained docket" since his initial appearance in October of 2013. (D.E. 3, at 8 n.1; D.E. 4-1, at ¶ 3–4.) Indeed, Petitioner's multiple bond hearings, releases on bond, and the BIA's review of his detention under § 1226(a), (D.E. 3-8, at 4.), show that he was and is subject to discretionary detention. Despite Respondent emphasizing this issue, Petitioner appears to have completely ignored the matter and continued to argue as if he is detained under § 1226(c) in his Reply. (*Compare* D.E. 3, at 8 n.1, *with* D.E. 5.)

Further, despite his order of removal, Petitioner has a pending appeal of that order before the BIA, and accordingly, his order of removal is not final, and he remains subject to discretionary detention under § 1226(a). *See, e.g.*, *Brodyak v. Davies*, No. 14-4351, 2015 WL 1197535, at *2 (D.N.J. Mar. 16, 2015). Consequently, as § 1226(c) does not apply to Petitioner, to the extent he argues that his detention violates that statute, the Court will deny that claim.

Turning then to the remainder of the Petition, Petitioner does not contend that he was denied a bond hearing, and it is evident from the record that Petitioner received several bond

5

hearings: the first upon his arrest for aggravated assault and resisting arrest in October of 2013; the second after his arrest for domestic violence in March of 2018; the third after another arrest for domestic violence in July of 2019; and the fourth upon remand from the BIA.

To the extent Petitioner challenges the results of his bond hearings, "absent a showing that . . . [they were] not *bona fide*, this Court is without authority to reconsider the decision[s] of the immigration judge denying Petitioner bond." *E.g.*, *Robson D. v. Anderson*, No. 19-14152, 2020 WL 1673035, at *3 (D.N.J. Apr. 6, 2020) (citing *Pena*, 2016 WL 74410, at *2–3). Petitioner does not attempt to make such a showing.

Next, although Petitioner vaguely refers to procedural due process, he does not seem to challenge the procedure followed at any of his bond hearings, and instead claims that the length of his detention violates the Due Process Clause. (D.E. 1, at 11.) In that regard, to the extent Petitioner seeks a new bond hearing based on the length of his detention, the Third Circuit's decision in *Borbot v. Warden Hudson County Correctional Facility*, 906 F.3d 274 (3d Cir. 2018), forecloses such relief.

In *Borbot*, the petitioner, who was detained pursuant to § 1226(a), argued that he was entitled to a second bond hearing because his one-year detention period was unreasonably long. *Id.* at 276–78. The Third Circuit determined that granting a bond hearing on those grounds "comes close to asking [the] Court to directly review the IJ's bond decision, a task that Congress has expressly forbidden [courts] from undertaking." *Id.* at 279. Therefore, despite the petitioner's then 30-month detention and recognizing that "a detention under § 1226(a) might become unreasonably prolonged," the record failed to present any reason for the Court to "decide, when, if ever, the Due Process Clause might entitle an alien detained under § 1226(a) to a new bond hearing." *Id.* at 280.

*Borbot* requires the Court to deny Petitioner's motion. Petitioner has failed to demonstrate that his eighteen-month detention, standing alone, has become so "unreasonably prolonged" as to render his confinement unconstitutional. Once again, Petitioner has received four bond hearings and has failed to present evidence that any of these hearings were constitutionally defective or otherwise not *bona fide*.

Moreover, Petitioner has failed provide any case law or otherwise demonstrate[2] that his eighteen-month detention is so unreasonably prolonged as to permit judicial intervention. *See, e.g.*, *Robson*, 2020 WL 1673035, at *3 (finding that petitioner had failed to demonstrate that twenty-three months was unreasonably prolonged); *Fanny L.D.C. v. Edwards*, No. 19-14815, 2019 WL 6130742, at *3 (D.N.J. Nov. 18, 2019) (sixteen months); *B.A. v. Ahrendt*, No. 18-17579, 2019 WL 3562091, at *3 (D.N.J. Aug. 6, 2019) (same); *see also Borbot*, 906 F.3d at 280 (concluding similarly at 30 months). Consequently, to the extent Petitioner contends that his prolonged detention violates his due process rights, the Court will deny that claim.

Finally, the Court cannot grant Petitioner's other requests for relief, *i.e.*, order his release from detention or enjoin Respondent from detaining him further. It is well established that with respect to a custody determination under § 1226(a), a court may only grant a bond hearing where the petitioner has not yet received a *bona fide* bond hearing. *See Pena*, 2016 WL 74410, at *2. Stated differently, this Court lacks the authority to review the immigration judge's decision to detain Petitioner or otherwise order his release in this context. (*Id.*) Accordingly, the Court will deny the Petition.

---

[2] In his Reply, Petitioner spends several pages citing to general legal principles but devotes approximately three sentences to the specifics of his case, which consist entirely of bare conclusions. (*See* D.E. 5, at 7–8 ("Petitioner has been detained since July 17,2019. Petitioner is seeking a bond hearing on the grounds that he has been subject to detention without a bond for an unreasonable period of time, in violation of the statute and the Due Process Clause.")).

### III. CONCLUSION

For the reasons discussed above, the Court will deny the Petition. An appropriate Order follows.

Dated: 1/28/21

                                                     JOHN MICHAEL VAZQUEZ
                                                   United States District Judge